# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THO LE,<br><br>    Plaintiff,<br><br>    v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01967-AWI-SKO (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, AS FRIVOLOUS<br><br>(Doc. 1) |

On December 2, 2013, the Court received a complaint that was purportedly filed by Tho Le, an inmate or a detainee in the Etowah County Detention Center in Gadsden, Alabama. The complaint is unsigned and the claims set forth therein are frivolous.

The complaint bears all the hallmarks of having been filed by Young Yil Jo, including but not limited to submission in an envelope bearing Mr. Jo's name and return address. Mr. Jo is not an attorney and he is precluded from filing cases on the behalf of anyone but himself. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Mr. Jo has plagued this court with more than three-hundred frivolous lawsuits, some filed under his own name and some filed under other inmates' or detainees' names.[1,2] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Martin v. Sias*,

---

[1] The Court takes judicial notice of these cases, which can be easily located through a party search using the term "Six Unknown."

[2] Whether the other inmates or detainees are aware of these filings it not clear.

88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Other federal district courts have been deluged with similar frivolous filings, as has the United States Court of Appeals for the Ninth Circuit.[3]

One glaring commonality among the cases is the lack of a complaint setting forth any cognizable claims for relief.  Other commonalities are that the complaints often lack a signature and they are usually unaccompanied by either the filing fee or an application to proceed in forma pauperis.  These procedural deficiencies result in a tremendous waste of the court's resources as it issues orders (1) directing payment of the filing fee or an application to proceed in forma pauperis and (2) directing the submission of a signed complaint.  These orders are usually ignored, ultimately resulting in dismissal of the action.

"[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated."  *Snyder v. Internal Revenue Serv.*, 596 F.Supp. 240, 252 (N.D. Ind. 1984).  Therefore, this action shall be dismissed.  Given Mr. Jo's filing history, it is not clear that Mr. Le is aware that a case was filed in his name and as a result, the dismissal of this action should not be treated as a strike against Mr. Le under 28 U.S.C. § 1915(g), despite the fact that the complaint is plainly frivolous on its face.[4]

Accordingly, for the reasons articulated herein, this action is HEREBY ORDERED DISMISSED on the ground that it is frivolous.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Miller v. City of Los Angeles*, 661 F.3d 1024, 1036 (9th Cir. 2011); *Leon v. IDX Systems, Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v.*

///
///
///
///

---

[3] Doc. 4.

[4] It is also not clear if Mr. Le is a prisoner or a U.S. Immigration and Customs Enforcement detainee, which is a distinction with a difference for purposes of section 1915(g).

*Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001); *Anheuser-Busch, Inc. v. Natural Beverages Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

IT IS SO ORDERED.

Dated:   March 25, 2014                              /s/ signature

SENIOR DISTRICT JUDGE

3